IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**DONALD R. WHITE,**

    **Plaintiff,**

v.                                                          Case No. 3:08-cv-00153

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

### O R D E R

Pending before the court is Plaintiff's Petition for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (28 U.S.C. 2412: Motion for Stay), filed March 29, 2010. (Docket # 16.)  Plaintiff seeks an award of fees in the amount of $2,319.80 and asks that the matter be stayed pending final resolution of his claims. (# 16, p. 3.)  On April 14, 2010, Defendant opposed the motion, asserting that it was untimely pursuant to 28 U.S.C. § 2412(d)(1)(B). (# 17, p. 2.)  In response, Plaintiff asserts that neither the Memorandum Order nor the Judgment Order indicated whether the matter was remanded pursuant to the fourth or sixth sentence of 42 U.S.C. § 405(g).  Plaintiff's counsel asserts that he did not become aware that the case was remanded under sentence four until he received the order of the Appeals Council remanding the matter to the Administrative Law Judge on March 1, 2010.  Plaintiff thereafter filed the instant Petition on March 29, 2010. (# 19, p. 1.)

Judgment was entered in this case by the presiding United Stated Magistrate Judge, Maurice Taylor, Jr., on November 6, 2009, remanding the matter to the Commissioner.  Neither the Judgment Order nor the Memorandum Order explicitly states whether the matter was remanded pursuant to the fourth or sixth sentence of 42 U.S.C. § 405(g).  (## 14, 15.)  If the remand had been ordered pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff's Petition would have been due on or before February 4, 2010, pursuant to 28 U.S.C. § 2412(d)(1)(B).  However, "[i]n sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters final judgment, and the appeal period runs."  Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991).

While the Memorandum Order suggests the remand was pursuant to sentence four, the lack of an explicit statement in either the Memorandum Order or the Judgment Order leads the court to conclude that the nature of the remand was ambiguous.  In addition, the Petition reflects Plaintiff's mistaken belief that the remand was pursuant to sentence six and, Plaintiff's counsel acted fairly quickly once he learned that the remand was pursuant to sentence four.  As such, the Court will excuse Plaintiff's untimeliness in filing the Petition.

It is hereby **ORDERED** that Defendant's substantive response to the Petition is due on or before **July 30, 2010**, and any reply is due on or before **August 9, 2010.**

The Clerk is requested to transmit a copy of this order to all counsel of record.

ENTER: June 30, 2010

                                                  Mary E. Stanley
                                                  United States Magistrate Judge